# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 22, 2006

131385

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

DENISE LOUISE POWELL,
      Defendant-Appellee.

SC: 131385
COA: 256878
Livingston CC: 04-014120-FH

_____/

On order of the Court, the application for leave to appeal the April 18, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the Livingston Circuit Court's order denying the motion to suppress. The Court of Appeals failed to apply the proper standard, which required it to review the circuit court's factual findings for clear error. *People v Jenkins*, 472 Mich 26, 31 (2005). Whether defendant's side yard was landscaped in a manner so as to indicate that visitors were excluded was a question of fact, and the trial court's finding that it was not so landscaped was not clearly erroneous. Thus, the trial court's decision should have been affirmed.

Moreover, the Court of Appeals misapplied the test announced in *United States v Dunn*, 480 US 294, 301; 107 S Ct 1134; 94 L Ed 2d 326 (1987), under which the primary inquiry is whether "the area harbors the intimate activity associated with the sanctity of . . . [the] home and the privacies of life." 480 US at 300 (internal quotation omitted). The record demonstrates that the area was not enclosed and was in plain view of defendant's neighbors. There is no principled reason for distinguishing between people passing by the front of the house and people passing by the back. It is clear from the record that defendant expended no effort whatsoever to protect her claimed expectation of privacy in the area. Finally, "[g]rowing large [marijuana] plants in a totally unobstructed and open area is not one of those 'intimate activities' whose presence defines the curtilage for Fourth Amendment purposes." *United States v Smith*, 783 F2d 648, 651-652 (CA 6, 1986). Examining all of the *Dunn* factors together, defendant failed to

demonstrate the existence of a reasonable expectation of privacy in the backyard. *Kyllo v United States*, 533 US 27, 33; 121 S Ct 2038; 150 L Ed 2d 94 (2001); *California v Ciraolo*, 476 US 207, 211; 106 S Ct 1809; 90 L Ed 2d 210 (1986). Accordingly, we REMAND this case to the trial court for further proceedings. We do not retain jurisdiction.

KELLY, J., dissents and states as follows:

The Court of Appeals has twice considered this case and twice decided that the police violated defendant's Fourth Amendment protections. This Court has now peremptorily reversed those findings, erroneously. I disagree that the Court of Appeals failed to apply the proper standard of review. Also, I believe that the Court of Appeals did not misapply the United States Supreme Court's test announced in *Dunn*.[1] The record, including a photograph of defendant's backyard, does not disclose "plants in a totally unobstructed and open area" visible to people passing by the back. There was no alleyway behind defendant's house along which people could pass. It is not clear that any of defendant's neighbors could have seen the plants or seen what they were. The Court of Appeals correctly concluded that the backyard of defendant's home was within the curtilage of her residence under the test in *Dunn* and that it was under Fourth Amendment protection. I agree that "any reasonable person would intuitively know that proceeding beyond the garage service door would constitute an invasion of an area immediately adjacent to this residence that is intended to provide a barrier to accessing the otherwise private backyard." The Court of Appeals decision should be affirmed.

CAVANAGH, J., joins the statement of KELLY, J.

---

[1] *United States v Dunn*, 480 US 294 (1987).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 22, 2006

*Corbin R. Davis*
Clerk